IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

LIONEL HANNA, #55194-004                                              PETITIONER

VS.                                              CIVIL ACTION NO. 5:04cv120-DCB-JCS

MICHAEL PETTIFORD                                                     RESPONDENT

MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Petition filed pursuant to 28 U.S.C. § 2241[1]. Although the Court has reviewed the petition and finds that it is without merit and, thus, it should be dismissed, the Court cannot enter judgment. For the reasons explained below, the Court finds that it is without jurisdiction to consider this Petition, and, therefore, transfers this matter to the United States District Court for the Northern District of Florida, Panama City Division, in whose jurisdiction the Petitioner and his current custodian may be found.

DISCUSSION

When the Petitioner filed this action, he was an inmate at the Federal Correctional Institution in Yazoo City, Mississippi ("FCI-Yazoo City"). During the pendency of this action, the Petitioner notified the Court that he had been transferred to the Federal Correctional Institution located at Marianna, Florida. Named as Respondent in this action is Michael Pettiford, the Warden of FCI-Yazoo City at the time the action was filed.

---

[1] Although the Petitioner originally filed this action as a Petition for Writ of Mandamus pursuant to 28 U.S.C. § 1361, the Court has construed it as a Petition filed pursuant to 28 U.S.C. § 2241 because the issue at bar is the execution of his sentence. See Davis v. Fechtel, 150 F.3d 486, 487-88 (5th Cir. 1998).

1

Under Title 28 U.S.C. § 2242, the application for a writ of habeas corpus shall "name ... the person who has custody over" the petitioner as the respondent. Accordingly, when this action was filed, the proper respondent was Pettiford, the Warden of FCI-Yazoo City where Hanna was housed. See Braden v. 30th Judicial Circuit, 410 U.S. 484 (1973). However, since Hanna's transfer to the facility in Florida, Petitioner's custodian is not within this district. "It is well settled that "'[a] district court may not entertain a habeas corpus action unless it has personal jurisdiction over the custodian of the prisoner.'" Ledher v. Thornburgh, 733 F.Supp. 454 (D. D.C. 1990)(quoting Guerra v. Meese, 786 F.2d 414 (D.C. Cir. 1986)). Moreover, the United States Supreme Court has recently discussed this issue, finding "[t]he plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004). The Supreme Court further expounded upon the issue, stating, as follows:

> In habeas challenges to *present* physical confinement... the district of confinement is *synonymous* with the district court that has territorial jurisdiction over the proper respondent. This is because, as we have held, the immediate custodian rule applies to core habeas challenges to present physical custody. By definition, the immediate custodian and the prisoner reside in the same district.

Id., 542 U.S. at 444. In reaching this conclusion, the Supreme Court noted that "when the Government moves a habeas petitioner after [he] properly files a petition naming [his] immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release." Id., 542 U.S. at 441 (citing Ex parte Endo, 323 U.S. 283(1944)). However, this proposition does not assist the Petitioner in this case because his immediate custodian, the Warden of Marianna -FCI, is not within this court's jurisdiction, and the named Respondent, Pettiford, as Warden of FCI-Yazoo City, no longer has legal authority to effectuate Hanna's release.

Accordingly, because this Court does not have jurisdiction over Hanna's current custodian in Florida, this court lacks jurisdiction to consider his petition. Moreover, 28 U.S.C. §§ 1404(a) and 1406(a)

2

provide for discretionary transfers of cases. Therefore, the Court hereby orders the Clerk of Court to transfer this action, along with all records and pending motions, to the United States District Court for the Northern District of Florida, Panama City Division, 30 W. Government Street, Panama City, FL 32401, where jurisdiction will lie. See Diogenes v. Malcolm, 600 F.Supp. 815 (E.D. Pa. 1985)(action transferred to district court in which federal prisoner was housed); Scott v. United States, 586 F.Supp. 66 (E.D. Va. 1984)(action dismissed for lack of jurisdiction over petitioner and warden); see also Ledher v. Thornburgh, 733 F.Supp. 454 (D. D.C. 1990)(action dismissed for lack of jurisdiction because appropriate respondent not within the court's jurisdiction was not named as respondent in suit); Hooker v. Sivley, 187 F.3d 680, 682 (5th Cir. 1999)(§ 2241 petition "must be filed in the district where the prisoner is incarcerated.").

SO ORDERED, this the 5th day of March, 2006.

S/DAVID BRAMLETTE
UNITED STATES DISTRICT JUDGE

3